**Edguar Eduardo DUARTE MORALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72246.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wayne Spindler, Esq., Tarzana, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Edguar Eduardo Duarte Morales, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

█ Substantial evidence supports the IJ's determination that Duarte Morales' fear of forced conscription or reprisals for his refusal to join the Guatemalan military in 1993 failed to establish the required nexus to an enumerated ground. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir.2005). Moreover, substantial evidence supports the IJ's determination that Duarte Morales' fear of future persecution is not objectively reasonable in light of current country conditions. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003).

Because Duarte Morales failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See id.* at 1001 n. 5. Substantial evidence also supports the IJ's determination that Duarte Morales failed to establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's determination that Duarte Morales failed to establish the requisite ten years of continuous physical presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A) and (d)(2). Duarte Morales' contention that the stop-time rule is inapplicable to his case or that the Notice to Appear was deficient lacks merit. *See* 8 U.S.C. § 1229b(d)(1); *Flores–Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n. 4 (9th Cir.2004) ("Current law does not require that the Notice to Appear ... be in any language other than English.").

 The Board correctly determined that Duarte Morales was not eligible for repapering because he was already in removal proceedings. *See, e.g., Alcaraz v. INS*, 384 F.3d 1150, 1154 n. 1 (9th Cir. 2004) ("[E]ligibility for repapering is conditioned on aliens being disadvantaged by the retroactive stop-time rule."). We reject Duarte Morales' contention that this limitation on repapering violates equal protection or due process. *See Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.").

To the extent Duarte Morales asserts a due process challenge to the Board's streamlining regulations, we reject this contention because the Board did not streamline Duarte Morales' appeal.

**PETITION FOR REVIEW DENIED.**